**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>        **Plaintiff,**<br><br>   **vs.**<br><br>**ROBERT MAJTYKA**<br><br>        **Defendant.** | **CASE NUMBER: 1:25CR4-001**<br><br>**USM Number: 05637-511**<br><br><br>**LISA LORRAINE HANNA-WEIS**<br>**DEFENDANT'S ATTORNEY** |

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** pled guilty to Count 2 of the Indictment on July 24, 2025.

**ACCORDINGLY,** the Court has adjudicated that the Defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number |
|---|---|---|
| 47:223(a)(1)(E):  HARRASSING TELEPHONE CALLS IN INTERSTATE OR FOREIGN COMMUNICATIONS | January 4, 2024 | 2 |

The Defendant is sentenced as provided in pages 2 through 5 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 1 of the Indictment is DISMISSED on Government motion.

IT IS ORDERED that the Defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the Defendant must notify the Court and United States Attorney of any material change in economic circumstances.

October 30, 2025
—————————————————————
Date of Imposition of Judgment

s/ Holly A. Brady
—————————————————————
Signature of Judge

Holly A. Brady, Chief Judge, U. S. District Court
—————————————————————
Name and Title of Judge

October 30, 2025
—————————————————————
Date

Defendant: ROBERT MAJTYKA
Case Number: 1:25CR4-001

# PROBATION

The Defendant shall be on probation for a term of **36 MONTHS.**

# CONDITIONS OF PROBATION

**While the Defendant is on probation pursuant to this Judgment, the Defendant shall comply with the following conditions as required by 18 U.S.C. § 3563(a):**

1. The Defendant shall not commit another Federal, State, or local crime, during the period of probation.

2. The Defendant shall perform 20 hours of community service per week in a program approved by the United States Probation Office, not to exceed 400 hours, if the Defendant is not meeting the employment condition (condition #9) for a time period exceeding 60 days pursuant to 18 U.S.C. § 3563(a)(2); (b)(2).

3. The Defendant shall not unlawfully possess a controlled substance.

4. The Defendant shall refrain from any unlawful use of a controlled substance.

5. The Defendant shall submit to a drug test within 15 days of placement on probation.

6. The Defendant shall submit to at least two periodic tests thereafter for use of a controlled substance.

7. The Defendant shall pay the $100 special assessment imposed in accordance with 18 U.S.C. § 3013. The defendant's default on the payment of the special assessment may result in revocation and penalties being ordered under 18 U.S.C. §§ 3013(b) and 3613.

8. The Defendant shall cooperate in the collection of a DNA sample from the Defendant, if the collection of such a sample is authorized pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000 and 34 U.S.C. § 40702.

**The Defendant shall comply with the following discretionary conditions as provided by 18 U.S.C. §§ 3563(b)(1)-(23):**

9. The Defendant shall make reasonable effort to maintain employment at a lawful occupation, unless excused by the probation officer for acceptable reasons (e.g., age, schooling, training, child care, elder care, disability, or serious health condition) or shall pursue a course of study or vocational training that will equip the Defendant for employment at a lawful occupation.

10. The Defendant shall not knowingly possess a firearm, ammunition, destructive device, or any other dangerous weapon.

11. The Defendant shall not knowingly leave the federal judicial district of the Northern District of Indiana, unless granted permission to leave by the Court or a probation officer. A map of the federal judicial district of the Northern District of Indiana and its

Defendant: ROBERT MAJTYKA                                                                    Page 3 of 5
Case Number: 1:25CR4-001

32 counties can be found at the website for United States Probation and Pretrial Services. (https://www.innp.uscourts.gov/files/inncountymapjpg).

12. The Defendant shall report to the probation officer as reasonably directed by the Court or the probation officer.

13. The Defendant shall report to the probation officer within 72 hours of being arrested or questioned by a police officer.

14. The Defendant shall permit a probation officer to visit him/her at his/her home between the hours of 8:00 AM to 8:00 PM. A probation officer can make an oral or written request to the Court to allow for a reasonable alternative time period or place for the visit. The Defendant shall permit confiscation of any contraband observed in plain view by the probation officer.

15. The Defendant shall answer inquiries by a probation officer pertaining to his/her supervision and notify the probation officer within 72 hours of any change in residence or change of employer. This condition does not prevent the defendant from invoking his/her 5th Amendment privilege against self-incrimination

**The Defendant shall comply with the following discretionary conditions as provided by U.S.S.G. § 5B1.3:**

16. The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

17. The Defendant shall participate in a mental health program approved by the United States Probation Office, and follow all recommendations thereof, including taking all medication(s) as prescribed.

18. The Defendant shall pay all or part of the costs for participation in the ordered program(s) not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this Court, as the U.S. Probation Office determines that the defendant is financially capable of paying. Failure to pay due to financial inability to pay shall not be grounds for revocation.

Defendant: ROBERT MAJTYKA
Case Number: 1:25CR4-001

## CRIMINAL MONETARY PENALTIES

The Court finds that the Defendant does not have the ability to pay a fine and waives the imposition of a fine in this case due to the Defendant's inability to pay.

The Court **ORDERS** the Defendant to pay the special assessment of $ 100.00 to the U.S. District Court Clerk's Office, 1108 E. Ross Adair Courthouse, 1300 South Harrison Street, Fort Wayne, IN 46802, which shall be due immediately.

| Total Assessment | Total Fine | Total Restitution |
| --- | --- | --- |
| $100.00 | NONE | NONE |

The Defendant shall receive credit for all payments previously made toward any criminal monetary payments imposed.

Defendant: ROBERT MAJTYKA
Case Number: 1:25CR4-001

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein.  These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)

_____          _____
Defendant                                                                    Date


_____          _____
U.S. Probation Officer/Designated Witness                    Date